**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HEATHER ANN H.,

                             Plaintiff,
    v.
                                                No. 3:25-CV-00246
COMMISSIONER OF SOCIAL SECURITY,          (PJE)

                             Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

Lachman, Gorton Law Firm               PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13760-0089
Attorneys for plaintiff

Social Security Administration           FERGUS J. KAISER, ESQ.
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for defendant

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

# MEMORANDUM-DECISION AND ORDER

    Plaintiff Heather Ann H.[1] brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of the Social Security Administration ("the Commissioner" or "defendant") denying her applications for disability insurance

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

and supplemental security income benefits.  *See* Dkt. No. 1 ("Compl.").[2]  Plaintiff moves for judgment on the pleadings and for the Commissioner's decision to be remanded "for calculation of benefits or, alternatively, remanded for further administrative proceedings."  Dkt. No. 12 at 14.[3]  The Commissioner moves to affirm.  *See generally* Dkt. No. 14.  Plaintiff replies.  *See* Dkt. No. 15.  For the following reasons, the Commissioner's Cross-Motion for Judgment on the Pleadings is granted, and plaintiff's Cross-Motion for Judgment on the Pleadings is denied.

## I. Background

On June 3, 2022, plaintiff filed an application for supplemental security income benefits alleging disability beginning on December 31, 2002.  *See* T at 173.  The Social Security Administration ("SSA") initially denied plaintiff's application on August 10, 2022, and upon reconsideration on March 29, 2023.  *See id.* at 59, 71, 77, 99.  Plaintiff requested a hearing, and a hearing was held on February 8, 2024, by telephone.  *See id.* at 34-54, 103.  Administrative Law Judge ("ALJ") Gretchen Greisler issued an unfavorable decision, and the Appeals Council denied plaintiff's request for review.  *See id.* at 12-24, 1-3.  Plaintiff timely commenced this action on February 26, 2025.  See *Compl.*

## II. Legal Standards

### A. Standard of Review

---

[2]  The parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, Local Rule 72.2(b), and General Order No. 18.   *See* Dkt. No. 7.
[3] Citations to the parties' briefs refer to the pagination located at the header of each page, generated by the Court's electronic filing system, not the documents' original pagination. "T" followed by a number refers to the pages of the administrative transcript. *See* Dkt. No. 9.

Sentence four of 42 U.S.C. § 405(g) grants the court the authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In reviewing the Commissioner's final decision, a district court may not determine de novo whether an individual (the "claimant") is disabled.  *See Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  The district court may reverse the Commissioner's final decision only if the ALJ failed to apply the correct legal standards or support the decision with substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).

Substantial evidence is "more than a mere scintilla," meaning that in the record one can find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal citations omitted).  This is "a very deferential standard of review," meaning that once an ALJ finds facts, the court can reject them "only if a reasonable factfinder would have to conclude otherwise."  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citation, emphasis, and internal quotations marks omitted); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (reminding that it is for the ALJ to weigh conflicting evidence in the record) (citing *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)).  Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the court should not affirm even though the ultimate conclusion is arguably supported by substantial evidence.  *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson*, 817 F.2d at 986).  However, if the

ALJ applied the correct legal standards, and substantial evidence supports the decision, the court must uphold the Commissioner's conclusion even if the evidence is "susceptible to more than one rational interpretation." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)).

### B. **Determination of Disability**

Under 42 U.S.C. § 423, every individual who is under a disability shall be entitled to a disability benefits. 42 U.S.C. § 423(a)(1)(E). Disability is defined as is the "inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" *Id.* § 423(d)(1)(A). A disabling impairment is an affliction that is so severe it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based upon age, education, and work experience. *See id.* § 423(d)(2)(A). Such impairment must be supported by "medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3); *see also Ventura v. Barnhart*, No. 04-cv-9018 (NRB), 2006 WL 399458, at *3 (S.D.N.Y. Feb. 21, 2006) ("Determinations of severity are based on objective medical facts, diagnoses or medical opinions inferable from these facts, subjective complaints of pain or disability, and educational background, age, and work experience.") (citing, *inter alia*, *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983)).

To determine whether the claimant is entitled to disability benefits, a five-step evaluation, based on 20 C.F.R. §§ 404.1520 and 416.920, is used:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in [20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings")]. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (spacing added). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff bears the burden of proof at the first four steps, and the Commissioner bears the burden at step five to show that the plaintiff can engage in gainful employment somewhere. *See DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing *Berry*, 675 F.2d at 467).

### III. **ALJ's Decision**

ALJ Greisler noted that plaintiff had not engaged in substantial gainful activity since June 3, 2022, the application date. *See* T. at 18. At step two, the ALJ concluded that plaintiff had the following severe impairments: Substance Use Disorder, Bipolar

5

Disorder, Post-Traumatic Stress Disorder ("PTSD"), and Anxiety Disorder.  *See id.*  At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  *See id.* The ALJ then concluded that plaintiff retained the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels, but that she has the following nonexertional impairments: she can perform simple tasks and a consistent, goal-oriented pace; she can engage in occasional interaction with supervisors and coworkers, but cannot work around crowds of people; she cannot interact with the public, and she can make simple decisions directly related to her work, and tolerate occasional work changes.

*Id.* at 20.  At step four, the ALJ determined that plaintiff was unable to complete any past relevant work.  See id. at 23.  At step five, the ALJ determined that plaintiff could perform the following jobs existing in significant numbers in the national economy: (1) Marker, DOT Code: #209.687, SVP 2, light exertional level, 12,448 jobs nationally; and (2) Router, DOT #222.587-038, SVP of 2, light exertional level, 21,243 jobs nationally.  *See id.* at 24-25.  Thus, the ALJ determined that plaintiff had "not been under a disability, as defined in the Social Security Act, since June 3, 2022, the date the application was filed[.]"  *Id.*

### IV. **Discussion**
### A. **Arguments**

Plaintiff argues that the ALJ's RFC limiting plaintiff to simple work and limited social interactions fails to amount to an individualized assessment of plaintiff's ability to handle work-related stress and does not sufficiently account for her mental health limitations.  *See* Dkt. No. 12 at 7-9.  She next asserts that the ALJ did not consider time off task and absenteeism in the RFC, and that her limiting plaintiff to simple work is "unrelated to the ability to stay on task or maintain concentration."  *Id.* at 10.  Lastly,

plaintiff asserts that the ALJ failed to properly explain the supportability and consistency factors when she rejected treating mental health provider Cherry Pareek, M.D.'s March 5, 2024, opinion that plaintiff would be off task more than thirty-three percent of the day and absent more than three days of work per month. *See id.* at 444.

The Commissioner argues that the ALJ properly considered the supportability and consistency factors of Dr. Pareek's opinion. *See generally* Dkt. No. 14. The Commissioner asserts that plaintiff's arguments (1) oversimplify the ALJ's decision, and (2) ask the Court to reweigh the evidence. *See id.* at 7-8. Finally, the Commissioner contends that the decision is supported by substantial evidence. *See id.* at 7.

In reply, plaintiff reiterates the arguments in her motion and accuses the Commissioner of failing to respond to her argument that the ALJ failed to conduct an individualized inquiry into her symptoms and assumed that the opined limitations account for her mental limitations. *See* Dkt. No. 15.

### B. **Relevant Law**

An individual's RFC is "what [the] individual can still do despite his or her limitations. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . ." A "regular and continuing basis" means that the activity can be sustained for eight hours a day, five days a week or an equivalent schedule. *Balles v. Astrue*, No. 3:11-CV-1386 (MAD), 2013 WL 252970, at *2 (N.D.N.Y. Jan. 23, 2013) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2)); *Babcock v. Berryhill*, No. 5:17-CV-00580 (BKS), 2018 WL 4347795, at *12-13 (N.D.N.Y. Sept. 12, 2018);

*Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013) (summary order); *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016).

In reaching an RFC determination, an ALJ must consider objective medical facts, diagnoses, medical opinions based on these facts, and the claimant's subjective symptoms, including pain and other limitations. *See* 20 C.F.R. §§ 404.1545, 416.945; see *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Kirah D. v. Berryhill*, No. 3:18-CV-0110 (CFH), 2019 WL 587459, at *8 (N.D.N.Y. Feb 13, 2019); *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). An ALJ must specify the functions a claimant is capable of performing and may not make conclusory statements regarding a claimant's capacities. *See Roat v. Barnhart*, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010); *Martone*, 70 F. Supp. 2d at 150 (citing Ferraris, 728 F.2d at 588; *LaPorta*, 737 F. Supp. at 183, *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016)); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004). The RFC must also include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence. *See Natashia R. v. Berryhill*, No. 3:17-CV-01266 (TWD), 2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 WL 374184, at *7).

In evaluating medical opinions, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ['PAMFs'], including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a) (internal citation omitted). Rather, medical opinions and PAMFs are evaluated based on their "persuasiveness." *Id.* In evaluating the

"persuasiveness" of a medical opinion or PAMF, an ALJ is to "consider" the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors."  *Id.* §§ 416.920c(a); 416.920c(c)(1)-(5). "However, in many cases, the ALJ only need 'explain' how the supportability and consistency factors were considered, as they are 'the most important factors.'" *Brian K. v. Comm'r of Soc. Sec.*, No. 5:24-CV-26 (CFH), 2025 WL 18718, at *4 (N.D.N.Y. Jan. 2, 2025) (quoting 20 C.F.R. § 416.920c(b)(2); *see also* 20 C.F.R. § 416.920c(b)(2)-(3) (stating that an ALJ "is not required to" explain the remaining factors unless the ALJ determines that "two or more medical opinions or [PAMFs] about the same issue are both equally well-supported [ ] and consistent with the record [ ] but are not exactly the same").

For the "supportability" analysis, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or [PAMFs], the more persuasive the medical opinion(s) or [PAMFs] will be."  20 C.F.R. § 416.920c(c)(1); *see also Kathleen A. v. Comm'r of Soc. Sec.*, No. 3:20-CV-1034 (LEK), 2022 WL 673824, at *4 (N.D.N.Y. Mar. 7, 2022) (quoting *Carmen M. v. Comm'r of the Soc. Sec.*, No. 20-CV-6532 (MJR), 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021)) (noting that "[t]he supportability analysis focuses on 'how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations'").  For the "consistency" analysis, "[t]he more consistent a medical opinion(s) or [PAMFs] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or [PAMFs] will be." 20 C.F.R. §§ 416.920c(c)(2), 416.1520(c)(2); *see also Kathleen A.*, 2022 WL 673824, at *5 (first quoting 20 C.F.R. § 404.1520c(c)(2); then citing *Galo G. v. Comm'r of*

9

*the Soc. Sec.*, No. 20-CV-1011 (FJS), 2021 WL 5232722, at *4 (N.D.N.Y. Nov. 9, 2021)) ("In the consistency analysis, an ALJ must look outside the medical opinion itself to 'evidence from other medical sources and nonmedical sources in the claim,' and will find the medical opinion more persuasive the more consistent it is with these external sources.").

"ALJs are not required to state on the record every reason justifying a decision and [are] not required to discuss every single piece of evidence submitted." *Brian K.*, 2025 WL 18718, at *4 (quoting *Ryan v. Comm'r of Soc. Sec.*, No. 21-2947-CV, 2022 WL 17933217 at *2 (2d Cir. Dec. 27, 2022) (summary order) (quoting *Brault*, 683 F.3d at 448)) (internal quotation marks omitted)). "However, they must articulate how persuasive they found the medical opinions and PAMFs." *Id.* (citing 20 C.F.R. § 416.920c(b)). "If the ALJ fails adequately to 'explain the supportability or consistency factors,' or bases '[the] explanation upon a misreading of the record, remand is required.'" *Id.* (quoting *Rivera v. Comm'r of Soc. Sec.*, No. 19-CV-4630 (LJL/BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) (quoting *Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020), *report and recommendation adopted* 2021 WL 134945 (Jan. 14, 2021))); *see also Jennifer A. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1167 (MAD), 2023 WL 8654215, at *4 (N.D.N.Y. Dec. 13, 2023) (quoting *Eric G. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1314 (MAD), 2023 WL 3004780, at *4, n.1 (N.D.N.Y. Jan. 5, 2023)) ("The ALJ need not specifically write the terms 'supportability' or 'consistency' to meet the articulation requirements in 20 C.F.R. §§ 404.1520c and 416.920c; it is enough that the ALJ applied the proper legal analysis.").

### C. **Analysis**

1. **Stress-Related Limitations**

Plaintiff's first argument is that the ALJ failed to follow perform an individualized assessment of plaintiff's ability to handle work-related stress, opining that limiting plaintiff to simple work and limited social interactions did not "sufficiently account" for her limitations in interacting with others, adapting and managing herself, concentrating, and maintaining persistence and pace. Dkt. No. 12 at 7. Plaintiff correctly states the standard laid out in SSR 85-15 and recognizes that the Second Circuit has recently reiterated that "the Social Security Administration has itself emphasized the importance of crafting an individualized assessment of non-exertional impairments, such as difficulties interacting with others." *Rucker v. Kijakazi*, No. 21-621-CV, 2022 WL 4074410, at *4 (2d Cir. Sept. 6, 2022) (citing SSR 85-15, 1985 WL 56857, at *6 ("The reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances . . . . Any impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.")).

The RFC included several significant nonexertional limitations, including a limitation to simple tasks, only occasional interaction with supervisors and coworkers, no interaction with the public, no work around "crowds of people," making only simple work-related decisions, and only occasional work changes. T at 20. "Although the ability to handle work-related stress is an important component of the RFC determination, it is not a roadblock to competitive work under all circumstances." *Brenden R. v. Comm'r of Soc. Sec.*, No. 5:20-CV-821, 2021 WL 5965164, at *6 (N.D.N.Y. Dec. 15, 2021) (quoting *Cheri Lee H. v. Comm'r of Soc. Sec.*, No. 5:19-CV-

10, 2020 WL 109007, at *11 (N.D.N.Y. Jan. 9, 2020)).  "[C]ourts reviewing an ALJ's evaluation of stress-based limitations do not demand an exhaustive analysis of the issue.  So long as the decision reveals that the ALJ considered and accounted for stress limitations—even if not in the most explicit terms—remand is not warranted." *Gomez v. Comm'r of Soc. Sec.*, No. 18-CV-96-FPG, 2020 WL 1322565, at *4 (W.D.N.Y. Mar. 20, 2020) (internal citation omitted).

The ALJ considered the medical opinions, plaintiff's hearing testimony, her reports to medical providers, and the objective medical testimony, and rejected those opinions finding plaintiff's limitations to be too restrictive or not restrictive enough when compared with this evidence.  The ALJ's many nonexertional restrictions in the RFC reflect low-stress work.  See Jacqueline L. v. Comm'r of Soc. Sec., 515 F. Supp. 3d 2, 12-13 (W.D.N.Y. 2021) (noting that work involving only occasional decision-making is low-stress work). The ALJ's analysis "establishes that the ALJ conducted the thorough, individualized mental RFC evaluation required by SSR 85-15." *Bushey v. Saul*, No. 19-CV-313F, 2020 WL 5947140, at *5 (W.D.N.Y. Oct. 7, 2020) (citing *Reyes v. Colvin*, 2016 WL 56267, at * 6 (W.D.N.Y. Jan. 5, 2016) ("affirming ALJ's mental RFC determination which did not specifically limit the claimant to 'low stress work,' yet relied on the findings and observations of the consultative medical sources in terms of their consideration of the plaintiff's stress-related functional limitations, along with comprehensive consideration of the hearing testimony, objective medical evidence, and treating and consultative medical source opinions").

Although plaintiff points to records indicating additional mental health symptoms that she believes indicate that these nonexertional limitations may not sufficiently

12

account for plaintiff's ability to handle stress in the work setting, the ALJ discussed plaintiff's mental health limitations in detail. Although Dr. Pareek opines greater limitations in these areas, the ALJ explained her decision to give this opinion less weight, as discussed above. See *Jacqueline L.*, 515 F. Supp. 3d at 12–13. Substantial evidence supports this decision. As the ALJ noted, the record supports that regular treatment and therapy have been helpful in managing plaintiff's mental health symptoms. T at 21 ("Her provider has indicated that her mental conditions are managed on repeated occasions."; progress notes indicating "stable on regimen" and "manaia controlled"); *see Alisia B. v. Bisignano*, No. 5:24-CV-633 (GTS/MJK), 2025 WL 2933207, at *4-5 (N.D.N.Y. June 16, 2025), *report and recommendation adopted sub nom. Alisia B. B. v. Comm'r of Soc. Sec.*, No. 5:24-CV-0633 (GTS/MJK), 2025 WL 2588748 (N.D.N.Y. Sept. 8, 2025) (considering RFC supported by substantial evidence where the claimant was limited to simple work, ALJ considered providers' notes that claimant was improving on medication, treatment working, and wide-range of ADLs, despite the plaintiff's testimony that she could not work "because her anxiety and depression makes leaving home and dealing with people difficult.").

In sum, the ALJ's assessment of plaintiff's ability to handle stress and accounting for those limitations in her RFC is proper and supported by substantial evidence. *See Blocker v. Saul*, No. 18-CV-6788F, 2020 WL 1047737, at *6 (W.D.N.Y. Mar. 4, 2020) (although the claimant was "markedly limited in appropriately dealing with stress," the ALJ accounted for this by limiting claimant to simple routine tasks, occasional interaction with co-workers and the general public, and low stress work, defined as work involving only occasional decision making); *see also Alexandrea R. R. v. Berryhill*, No.

18-CV-121, 2019 WL 2269854, at *7 (N.D.N.Y. May 28, 2019) ("The ALJ discharged his duty [to account for stress-based limitations] . . . by assessing a number of limitations in [the plaintiff's] ability to perform work-related mental tasks, and by including a number of specific restrictions in recognition of [the] plaintiff's ability to handle work-related stressors."); *Robert O. C. v. Comm'r of Soc. Sec.*, No. 1:22-CV-384-JJM, 2025 WL 408386, at *6 (W.D.N.Y. Feb. 6, 2025) ("In any event, plaintiff points to no specific additional stress-related restriction that was required by the evidence of record, and the caselaw supports the proposition that a restriction to simple, routine work with only occasional contact with others sufficiently accounts for mild-to-moderate, stress-based limitations."). Thus, plaintiff's arguments for reversal or remand on this ground are without force.

### 2. **Time Off-Task and Absenteeism**

Plaintiff first contends that the ALJ's RFC does not account for *any* time off task or absenteeism, and that the ALJ's rejection of Dr. Pareek's opinion on those limitations "is in error because it is well-supported and consistent with the longitudinal evidence." *See* Dkt. No. 12 at 9, 12. Second, she asserts that the ALJ did not provide an explanation of the supportability and consistency of Dr. Pareek's opinion with respect to time off-task and absenteeism. *See id.* at 11. Lastly, plaintiff suggests that the ALJ's rejection of consultative Examiner Jeanne Shapiro, M.D.'s opinion that plaintiff has no limitations to her abilities to concentrate, persist, maintain pace, and adapt and manage herself is "inconsistent" with the RFC limiting plaintiff to simple work and limited socialization as those limits do not sufficiently explain the supportability and consistency factors. *See* Dkt. No. 12 at 9-10.

Plaintiff contends that an RFC for simple work and limited social interaction does not "have anything to do with the abilities to concentrate, persist, maintain pace, or maintain attendance." Dkt. No. 12 at 10 (citing, *inter alia*, *Brush v. Saul*, No. 20-CV-2796 (VEC/KNF), 2021 WL 3501530, at *4 (S.D.N.Y. May 28, 2021), *report-recommendation adopted sub. nom, Brush v. Kijakazi*, 2021 WL 3492989 (S.D.N.Y. Aug. 5, 2021). To the extent plaintiff states that the RFC does not have any limits for off-task and absenteeism, the ALJ adopted Dr. Shapiro's findings of mild-to-moderate limitations in sustaining concentration and performing a task at a consistent pace, depending on her anxiety (noting that anxiety is increased in social situations and limiting her social interactions) and moderate limitations to regulating emotions, controlling behavior, and maintaining well-being. *See* T at 22. As the ALJ rejected (1) Dr. Shapiro's findings of no limitations in sustaining an ordinary routine and regular attendance, and (2) Dr. Pareek's marked limitations in attendance and off-task behavior, it can be gleaned from the record that the ALJ found plaintiff's limitations to be in between none and marked – in the mild-to-moderate range. *See id.* Courts in this Circuit have often held that mild or moderate limitations in concentration, persistence, or pace, and the ability to perform activities within a schedule or maintain attendance are consistent with an ability to perform simple, unskilled work. *See Renalda R. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00915 (TWD), 2021 WL 4458821, at *10 (N.D.N.Y. Sept. 29, 2021) ("Here, by limiting Plaintiff to simple work requiring only the ability to understand, remember, and carry out simple instructions and decisions and not performing at a production rate, the ALJ incorporated into the RFC the moderate limitations that were supported by the record, including [the state agency psychology's] assessment.") (citing

cases). Thus, the ALJ did not err in declining to adopt greater or additional limitations to account for time off task or absenteeism.

Although plaintiff highlights the ALJ's partial rejection of Dr. Shapiro's opinion that plaintiff had "greater limitations in her ability to concentrate, persist, and maintain pace" as "inconsistent" with the ALJ's rejection of Dr. Pareek's opinions on time off task and absenteeism, in so arguing, she ignores that the ALJ explicitly considered and explained how the record supports plaintiff's "ability to concentrate, persist, and maintain pace, as well as her ability to adapt and manage herself." T at 22. Although ALJ Griesler used the terms, "insofar as it is supported by and consistent with the record," in rejecting the time off-task and absenteeism findings in Dr. Shapiro's medical source statement, the ALJ did not end her analysis there. T at 22. The ALJ explained why the record was not consistent with either the "no limitations" or marked limitations each provider reached in the areas of time off task and absenteeism. *Id.* at 23. The ALJ noted and explicitly discussed how plaintiff reported feeling anxious during some examinations and had "difficulty managing her emotions and coping," specifically reflecting those limitations in the RFC with limitations to simple work and limited social interactions. *Id.*; *see Tatelman v. Colvin*, 296 F. Supp. 3d 608, 613 (W.D.N.Y. 2017) (finding that unskilled work accounts for stress limitations) (collecting cases). She also delved into Dr. Shapiro's opinions in significant detail, pointing out the areas in which she believed Dr. Shapiro's opinion was inconsistent with the record. *See* T at 22 (citing Exh. 2F at 3, Exh. 6F at 40, 54, 64, Exh. 5E, T. at 34-58 (hearing testimony)). As for Dr. Pareek, the ALJ discussed those portions of the record that she felt were inconsistent with Dr. Pareek's opined marked limitations. She noted that her review of the clinical

findings indicated that the clinical findings of record supported some limitations to time off task and absences, but not to a marked severity, pointing to medical records demonstrating normal memory, attention, and thought processes, extensive ADLs, and treatment reflective of less severe limitations.  *See* T at 23.

As discussed *supra*, the ALJ rejected Dr. Shapiro's findings of no limitations in staying on task and attendance and rejected Dr. Pareek's marked limitations.  *See* T at 22, 23.  The ALJ's RFC properly reflects a finding that plaintiff experiences mild or moderate limitations in these areas.  "As relevant here, '[t]here is significant case law within the Second Circuit finding that providing RFC limitations such as 'simple, repetitive instructions' and limiting the amount of . . . changes in the work setting account for a claimant's moderate limitations in maintaining a schedule.'" *Tashona R. D. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00583 (AMN/CFH), 2024 WL 4442722, at *6 (N.D.N.Y. Aug. 12, 2024), *report and recommendation adopted*, No. 5:23-CV-00583 (AMN/CFH), 2024 WL 4274819 (N.D.N.Y. Sept. 24, 2024) (quoting *Michael C. v. Berryhill*, No. 17-CV-1395 (DJS), 2019 WL 1228553, at *5-6, (N.D.N.Y. Mar. 15, 2019); then citing, *inter alia*, *Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) ("The determination that [the p]laintiff is limited to 'simple, repetitive, and routine tasks' accounts for [the p]laintiff's limitations as to maintaining . . . regular attendance")), and *Jennifer M. v. Comm'r of Soc. Sec.*, No. 1:21-CV-980 (GTS/ATB), 2022 WL 19003388, at *7 (N.D.N.Y. Nov. 18, 2022) ("'The ALJ accounted for functional limitations associated with moderate difficulties with concentration, pace, social interaction, and maintaining a regular schedule by limiting plaintiff to unskilled

work requiring only simple, routine tasks and simple work-related decisions.'"), *report and recommendation adopted*, 2023 WL 2236607 (N.D.N.Y. Feb. 27, 2023).

Whereas plaintiff provides record cites that could reflect additional difficulties, in so doing, she invites the Court to reweigh the evidence. Although an independent review of all of the record evidence could potentially support a finding of disability, that is not the test; rather, the test is whether substantial evidence supports the ALJ's finding, and it does. *See William C. v. Comm'r of Soc. Sec.*, No. 3:24-CV-424 (GTS/MJK), 2025 WL 2933342, at *6 (N.D.N.Y. May 27, 2025), *report and recommendation adopted sub nom. William E. C. v. Comm'r of Soc. Sec.*, No. 3:24-CV-0424 (GTS/MJK), 2025 WL 2588696 (N.D.N.Y. Sept. 8, 2025) (citing *Kimberly B. v. Comm'r of Soc. Sec.*, 5:22-CV-250 (ATB), 2023 WL 3318488, at *11 (N.D.N.Y. May 9, 2023) ("To the extent that plaintiff disagrees with how the ALJ weighed the evidence, it is not the proper role of this court to reweigh that evidence.")). The ALJ found that Dr. Pareek's findings of marked limitations in staying on task and maintaining attendance to be inconsistent with other record evidence and explained this inconsistency, recognizing plaintiff's reports of feeling "anxious at times, sometimes with restlessness," but noting that the medical records supported that plaintiff also "exhibited normal memory, attention, and thought process," had "robust" activities of daily living, and no inpatient psychiatric treatment. T at 23 (citing Exh. 2F at 3-4).

"Where, as here, 'the ALJ's conclusions find reasonable support in the record, courts will defer to the ALJ's resolution regarding the appropriate weight to be afforded to various medical opinions.'" *Kimberly B.*, 2023 WL 3318488, at *11 (citing *Shyla D. v. Kijakazi*, No. 3:20-CV-1295 (DJS), 2022 WL 798158, at *3 (N.D.N.Y. Mar. 16, 2022)

(additional internal quotation marks omitted)).  The ALJ pointed to a variety of normal medical findings as well as significant ADLs, which she is permitted to consider.  *See Michelle B. v. Comm'r of Soc. Sec.*, No. 5:20-CV-332, 2021 WL 3022036, at *6 (N.D.N.Y. July 16, 2021) ("[T]he Regulations explicitly direct the ALJ to consider a claimant's activities of daily living when assessing the ultimate question of disability.") (citing *Coger v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 427, 436 (W.D.N.Y. 2018) (additional citation omitted)); Where the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's resolution" regarding the appropriate weight to be afforded to various medical opinions."  *Shyla D.*, 2022 WL 798158, at *3 (quoting *Teresa L. v. Comm'r of Soc. Sec.*, 1:19-CV-692 (DB), 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020)).  Accordingly, the Court finds that the ALJ properly articulated the persuasiveness of Dr. Pareek's opinion, and substantial evidence supports the ALJ's assessment of both her opinion and the time off-task and absenteeism factors.

## V. Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that the Commissioner's Cross-Motion for Judgment on the Pleadings, dkt. no. 14, is **GRANTED**, and it is further

**ORDERED**, that the plaintiff's Cross-Motion for Judgment on the Pleadings, dkt. no. 12, is **DENIED**, and it is

**ORDERED,** that the Clerk serve this Memorandum-Decision & Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 3, 2026
    Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge